UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARISSA STELA ROCHA (A No. 246-934-759),

Petitioner,

v.

MULLIN, et al.,

Respondents.

Case No. 1:26-cv-06962-JLT-EPG

ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS IN PART; DENYING RESPONENTS' MOTION TO DISMISS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Docs. 1, 7)

Larissa Stela Rocha is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Brazil. (Doc. 7 at 10.) Petitioner first entered the United States in February 2024, on a valid B-2 visa with permission to remain in the United States until February 6, 2025. (*Id.* at 12.) Petitioner remained in the United States beyond that date without permission. (*Id.*) On August 30, 2026, ICE officers were tasked with identifying and apprehending Petitioner at the airport. (*Id.* at 11.) ICE officers identified themselves to the Petitioner in the Portuguese

language and arrested her pursuant to an I-200 administrative warrant. (*Id.* at 11, 14.) ICE also served the Petitioner with an I-286 Notice of Custody Determination and an I-862 Notice to Appear charging Petitioner as removable under Section 237(a)(1)(B) of the Immigration and Nationality Act. (*Id.* at 6–8, 16.) Petitioner was then transferred to the California City Detention Facility, where she remains. (Doc. 1, ¶ 1.) Petitioner has no criminal history. (Doc. 7 at 12.)

On August 31, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that her detention without pre-deprivation notice or hearing violated her procedural due process rights under the Fifth Amendment. (Doc. 1, ¶¶ 40–49.) On September 22, 2026, Respondents filed a motion to dismiss, asserting that Petitioner is properly detained under 8 U.S.C. § 1226(a) after overstaying her nonimmigrant visa and that her petition should be dismissed for failing to exhaust her administrative remedies. (Doc. 7 at 2–3.) That same day, Petitioner filed a reply. (Doc. 8.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

### A. Exhaustion

Respondents contend that because Petitioner has failed to request a custody redetermination hearing before an immigration judge, her habeas petition should be dismissed for failure to exhaust. (Doc. 7 at 2–3.) As a prudential matter, habeas petitioners must exhaust available judicial and administrative remedy remedies before seeking relief. 28 U.S.C § 2241; *see also Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), *overruled on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006). Courts may require exhaustion as a

prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003) (citation omitted); *Puga v. Chertoff,* 488 F.3d 812, 815 (9th Cir. 2007). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted). Here, given that Respondents concede Petitioner is entitled to a § 1226(a) custody redetermination hearing, the Court will waive the exhaustion requirement. *See Chateauneuf v. Chestnut*, No. 1:26-cv-01073-DC-JDP, 2026 WL 523695, at *3 (E.D. Cal. Feb. 25, 2026) ("Here, the court will waive the prudential exhaustion requirement because the relief that the court will grant by this order—a hearing in front of an immigration judge at which Petitioner's eligibility for bond must be considered—is precisely the relief that prudential exhaustion would require.")

**B. Remedy**

Petitioner is currently in removal proceedings under 8 U.S.C. § 1227(a)(1)(B) which states: "Any alien . . . whose nonimmigrant visa (or other documentation authorizing admission into the United States as a nonimmigrant) has been revoked under section 1201(i) of this title, is deportable." (*See* Doc. 7 at 6.) Thus, and as Respondents concede in their opposition, (Doc. 7 at 3), Petitioner's detention is governed by 8 U.S.C. § 1226(a). *See Quispe v. Becerra*, No. 1:25-cv-2002 CSK, 2025 WL 3774570, at *1, 5 (E.D. Cal. Dec. 31, 2025) (explaining that the only statute which could provide detention over petitioner—a noncitizen who had overstayed her visa and whose removal proceedings were ongoing—was 8 U.S.C. § 1226 because that statute expressly

provides for detention before a final order of removal) (citation and quotation omitted); *Wei v. Chestnut*, No. 1:26-cv-01065-DJC-CKD, 2026 WL 412203, at *1 (E.D. Cal. Feb. 13, 2026) (finding that petitioner, who had overstayed his nonimmigrant visa, was detained under § 1226(a) because he had been present in the United States since 2018 and was not an "applicant for admission" under § 1225).

Under § 1226(a), "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—(1) may continue to detain the arrested alien; and (2) may release the alien on—(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole." 8 U.S.C. § 1226(a)(1)–(2). Here, as evidenced by the I-200 Administrative Warrant, Notice to Appear, and Notice of Custody Determination issued at the time of Petitioner's arrest, the Government has already made an initial custody determination pursuant to 8 C.F.R. § 1236.1(b)(1) to detain the Petitioner pending an outcome on her removal proceedings. (*See* Doc. 7 at 6, 14, 16.) That regulation provides: "In general. At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the [petitioner] may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 1236.1(b)(1).

On habeas grounds, Petitioner now seeks immediate release or a bond hearing where the Government bears the burden of proving by clear and convincing evidence that Petitioner presents a flight risk or danger. (*See* Doc. 1 at 16.) However, given that Petitioner overstayed her visa, Petitioner is entitled only to the relief afforded by applicable regulations. As this Court previously explained:

> [Section] 1226(a) establishes a discretionary detention framework where the immigration officer first determines whether to detain or release the non-citizen while their immigration case is ongoing. 8 U.S.C. § 1226(a); *Otilio B.F.* [*v. Andrews*], 809 F. Supp. 3d [1038,] [] 1048–49 (citations and quotations omitted). After that decision has been made, the non-citizen may request a bond hearing before an IJ. 8 C.F.R. § 1236.1[ ](d)(1). At that bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the [Immigration Judge] . . . that he or she does not present a danger to

> persons or property, is not a threat to the national security, and does not pose a risk of flight." *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

*Quinteros Cornejo v. Andrews, et al.*, 823 F. Supp. 3d 1085, 1094 (E.D. Cal. 2026). As such, the Court finds that Petitioner is entitled to a custody redetermination before an Immigration Judge under 8 C.F.R. § 1236.1(d)(1). In sum, the Court grants Petitioner's habeas petition to the extent she requests, and is entitled to, a custody redetermination before an IJ. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**.

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(d)(1) at which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and a flight risk if not detained.

3. **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. She **SHALL** have the right to be represented by counsel at the hearing and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

5. If Petitioner is released on bond, Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[1]

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In

6. The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

7. The Clerk of Court is directed to **CLOSE** this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _November 3, 2026_

UNITED STATES DISTRICT JUDGE

this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.